UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICA FIRST LEGAL FOUNDATION,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>HEALTH AND HUMAN SERVICES,<br><br>*Defendant*. | Civil Action No. 23-581 (RDM) |

## ANSWER

Defendant, the United States Department of Health and Human Services ("HHS"), by and through undersigned counsel, hereby submits this Answer to the Complaint, ECF No. 1, filed by Plaintiff, America First Legal Foundation, in this Freedom of Information Act, 5 U.S.C. § 552, ("FOIA") action.

## RESPONSES TO NUMBERED PARAGRAPHS OF COMPLAINT

Defendant responds to the separately numbered paragraphs and prayer for relief contained in the Complaint below. To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

Defendant responds to the Complaint in like number paragraphs as follows:

1. This paragraph contains Plaintiff's characterization of this action to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiff

made the FOIA request at issue in this case and that Plaintiff purports to bring this lawsuit pursuant to the FOIA. Defendant otherwise denies the allegations in this paragraph.

## JURISDICTION AND VENUE[1]

2.      Defendant admits that this Court has subject matter and personal jurisdiction subject to its terms and limitations under FOIA.

3.      Defendant admits that venue is proper in this district for this action.

## PARTIES

4.      Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

5.      Defendant admits that it is a federal agency headquartered in Washington, D.C. The remainder of this paragraph contains legal conclusions to which no response is required.

## FACTS

6.      Defendant admits that the HHS component, Administration for Children and Families ("ACF"), received from Plaintiff a FOIA request dated September 23, 2021. The remainder of the allegations in this paragraph consist of Plaintiff's characterization of that request to which no response is required. Defendant respectfully refers the Court to that request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

7.      Defendant admits that ACF acknowledged Plaintiff's September 23, 2021 request via email dated September 24, 2021. The remainder of the allegations in this paragraph consist of Plaintiff's characterization of that acknowledgement to which no response is required. Defendant

---

[1]      For ease of reference, Defendant's Answer replicates the headings and titles contained in the Complaint, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

respectfully refers the Court to that acknowledgement for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

8. The allegations in this paragraph consist of Plaintiff's characterization of the September 24 acknowledgement to which no response is required. Defendant respectfully refers the Court to that acknowledgement for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

9. Defendant admits that ACF has had no further contact with Plaintiff regarding this FOIA request.

10. Defendant admits that ACF has had no further contact with Plaintiff regarding this FOIA request.

11. Defendant admits that ACF received from Plaintiff another FOIA request dated August 2, 2021. The remainder of the allegations in this paragraph consist of Plaintiff's characterization of that request to which no response is required. Defendant respectfully refers the Court to that request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

12. Defendant admits that ACF acknowledged Plaintiff's August 2, 2021 request via email dated August 10, 2021. The remainder of the allegations in this paragraph consist of Plaintiff's characterization of that acknowledgement to which no response is required. Defendant respectfully refers the Court to that acknowledgement for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

13. The allegations in this paragraph consist of Plaintiff's characterization of the August 10 acknowledgement to which no response is required. Defendant respectfully refers the

Court to that acknowledgement for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

14. Defendant admits that ACF has had no further contact with Plaintiff regarding this FOIA request.

15. Defendant admits that ACF has had no further contact with Plaintiff regarding this FOIA request.

### Claim for Relief: Violation of FOIA

16. Defendant incorporates its responses to the paragraphs above as if stated herein.

17. This paragraph contains legal conclusions to which no response is required.

18. Defendant denies the allegations in this paragraph and avers that ACF sent search requests to the appropriate offices soon after receiving the requests.

19. This paragraph contains legal conclusions to which no response is required.

20. This paragraph contains legal conclusions to which no response is required.

21. This paragraph contains legal conclusions to which no response is required.

22. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

The final paragraph beginning with "WHEREFORE" contains Plaintiff's prayer for relief, to which no answer is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph and deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

### DEFENSES

Defendant alleges the following defenses to the Complaint. In asserting these defenses, Defendant do not assume the burden to establish any fact or proposition where that burden is

4

properly imposed upon Plaintiffs. Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as facts and circumstances giving rise to this Complaint become known to Defendant through the course of this litigation.

### FIRST DEFENSE

Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions enumerated in the FOIA, 5 U.S.C. § 552(b).

### SECOND DEFENSE

The Court lacks subject matter jurisdiction to the extent Plaintiffs' request for relief exceeds the relief authorized under FOIA. 5 U.S.C. § 552.

### THIRD DEFENSE

Plaintiff is not entitled to declaratory relief. 5 U.S.C. § 552(a)(4)(B).

### FOURTH DEFENSE

Plaintiff is not eligible for nor entitled to attorneys' fees and costs.

### FIFTH DEFENSE

Defendant's actions or inactions did not violate FOIA or any other statutory or regulatory provisions.

Dated:  April 7, 2023　　　　　　　　　Respectfully submitted,
　　　　　Washington, DC

　　　　　　　　　　　　　　　　　　　MATTHEW M. GRAVES, D.C. Bar. #481052
　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　BRIAN P. HUDAK
　　　　　　　　　　　　　　　　　　　Chief, Civil Division

　　　　　　　　　　　　　　　　　　　By:　　/s/　Sean Tepe
　　　　　　　　　　　　　　　　　　　SEAN TEPE, D.C. BAR #1001323
　　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　601 D Street, N.W.
　　　　　　　　　　　　　　　　　　　Washington, D.C. 20530
　　　　　　　　　　　　　　　　　　　(202) 252-2533